UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 4:12-cv-80 |
| | ) |
| $95,438.05 UNITED STATES CURRENCY, | ) |
| | ) |
| Defendant. | ) |

COMPLAINT OF FORFEITURE IN REM

The United States of America, by counsel, Joseph H. Hogsett, United States Attorney for the Southern District of Indiana, and Zachary A. Myers and Lindsay C. Dunn, Assistant United States Attorney, alleges on information and belief as follows:

NATURE OF THE ACTION

1. This is a civil action seeking forfeiture of certain property pursuant to 21 U.S.C. § 881, because the defendant currency constitutes proceeds of, or is property used to facilitate a violation of, the Controlled Substance Act.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has in rem jurisdiction over the defendant properties under 28 U.S.C. § 1355(b) (forfeiture action can be brought in district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the

government's possession).

4.      This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana, and the defendant is now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANT

5.      The defendant is: ninety-five thousand four hundred and thirty-eight dollars and five cents in United States currency ("the $95,438.05"), seized by law enforcement from Keith M. Bilz ("Bilz") on or around November 20, 2011. Of the $95,438.05, one hundred and seventy four dollars and five cents ("the $174.05") was seized from Bilz's business, the "Raq Shaq" located at 516 Green Road, Madison, Jefferson County, Indiana. The remaining ninety-five thousand, two hundred and sixty-four dollars ("the $95,264.00") was seized from Bilz's residence located at 106 South Sycamore Street, Hanover, Jefferson County, Indiana.

6.      On April 25, 2012, the Jefferson County Circuit Court ordered that the $95,438.05 be turned over to the Drug Enforcement Administration ("the DEA").

## FACTS

7.      At all time relevant to this complaint, Bilz was the owner and operator of the Raq Shaq located at 516 Green Road, Madison, Jefferson County, Indiana and he resided at 106 South Sycamore Street, Hanover, Jefferson County, Indiana.

8.      In August 2011, the Madison Police Department ("the Madison PD") began receiving citizen complaints of drugs being sold from the Raq Shaq. Based on these complaints, law enforcement began an investigation in September 2011.

9. On September 21, 2011, a confidential informant, provided with $60 in documented United States currency and an audio recording device, entered the Raq Shaq and purchased a substance packaged and labeled as "Radiance" for $53.50. The Radiance package claimed it was for good luck and that it did not contain 3,4-Methylenedioxymethcathinone, 3,4-Methylenedioypyrovalerone, 4-Methhylmethcathinone, 4-Methoxymehtcathinone. 4-Fluoromethcathinone, 3-Fluoromethcathinone, Naphthylpyrovalerone, or any other questionable chemical compounds.

10. On October 24, 2011, the Radiance package purchased on September 21st was turned over to the Indiana State Police Lab for testing and analysis.

11. The lab report, dated November 22, 2011, and identified as lab file number 111-4952, agency case number 2011-1293, stated that the substance purchased on September 21st had a net weight of 1.00 grams and contained Pyrovalerone.

12. On October 9, 2011, Officer Baker with the Madison PD conducted a traffic stop on a vehicle driven by Person A for failure to yield. Person A admitted to the traffic infraction. Person A stated that he had just left the Raq Shaq and had purchased a half gram of "bath salts" for $37.00. Person A voluntarily showed Officer Baker his purchase which was a small package labeled "Good Luck Radiance Powder." Person A admitted that he routinely purchased this substance from Raq Shaq and used it as a substitute for his use of illegal street drugs and in order to pass his drug screens conducted by the probation office. Person A consented to relinquish custody of the package to the officer.

13. On October 23, 2011, Officer Eblen of the Madison PD entered Raq Shaq and spoke with employee, Employee A. Employee A showed Officer Eblen numerous packages of

Radiance from under the front counter. The packages were identical to the package that was purchased during the September 21st controlled buy. Employee A told Officer Eblen that Radiance was a big money maker and that he had warned his teenaged son not to use the product.

14. On November 29, 2011, another control buy was conducted. A law enforcement officer, provided with $60 in documented U.S. currency, entered the Raq Shaq and purchased a substance packaged and labeled as Radiance for $53.50. The package was identical to the Radiance package purchased during the September 21st controlled buy.

15. The Radiance package purchased on November 29th was turned over to the Indiana State Police Lab for testing and analysis.

16. The lab report, dated November 22, 2011, and identified as lab file number 111-5522, agency case number 2011-1644, stated that the substance purchased on November 29th had a net weight of .96 grams and contained Pyrovalerone.

17. On November 30, 2011, law enforcement executed a search warrant at the Raq Shaq that was issued by the State of Indiana ("the State"). Found under the counter was: fourteen (14) one gram packages of Radiance; eight (8) half gram packages of Radiance; 46 plastic containers of "Madtucky mix," a plant like material, labeled as containing two grams per container. Seized from the cash register was the $174.05. Also seized was a binder containing Raq Shaq employee and inventory information.

18. The fourteen (14) packages of Radiance seized from the Raq Shaq on November 30th were turned over to the Indiana State Police Lab for testing and analysis.

19. The lab report, dated December 7, 2011, and identified as lab file number 111-5521, agency case number 2011-1651, stated that only one of the fourteen (14) one gram

packages and only one of the eight (8) half gram packages were analyzed. The combined total net weight of the two packages analyzed was 1.13 grams and each of the substances contained Pyrovalerone.

20. In addition to the search warrant executed at the Raq Shaq on November 30, 2011, law enforcement also executed a search warrant at Bilz's personal residence located at 106 South Sycamore Street, Hanover, Jefferson County, Indiana. Found in a safe in the master bedroom was: 575, one gram packages of Radiance and a checkbook for "Tri-State Contracting." Found in a metal cabinet in the master bedroom was numerous packages of "Re-Pose," a plant material. Nine packages of "Head Trip," a plant material, were located in the master bedroom closet. Also found at the residence was: Raq Shaq documents, a .9 mm S&W handgun with magazine and live rounds, a .9mm Taurus handgun with magazine and live rounds, a 22 Marlin long gun, a .22 Savage long gun, and six cell phones. In a holiday stock hanging above the fireplace was Bilz's wallet which contained cash and receipts for wire transfers associated with the purchase of Radiance. Finally, the $95,264.00 was found in Bilz's residence – most of which was found in the safe in the master bedroom – less than $500 was found in Bilz's wallet inside the holiday stocking.

21. The 575 packages of Radiance seized from Bilz's personal residence on November 30th were turned over to the Indiana State Police Lab for testing and analysis.

22. The lab report, dated December 7, 2011, and identified as lab file number 111-5525, agency case number 2011-1652, stated that only two of 575 one gram packages of Radiance were analyzed. The combined total net weight of the two packages analyzed was 1.91 grams and each of the substances contained Pyrovalerone.

23. Bilz was arrested for dealing a controlled substance and was advised of his *Miranda* rights. Bilz admitted to law enforcement that he is the owner of Raq Shaq and that through Raq Shaq he sold Radiance for $53.50 per gram and Madtucky for $20.00 per two grams.

24. On December 1, 2011, Bilz was charged in the Jefferson Circuit Court under cause number 39C01-1112-FB-1130 ("the State case") with: dealing in a Schedule V controlled substance, conspiracy to deal a Schedule V controlled substance, and corrupt business influence. *See* Jefferson County Circuit Court Docket, Cause No. 39C01-1112-FB-1130.

25. On April 25, 2012, the Jefferson County Circuit Court ordered that the $95,438.05 be turned over to the DEA. *See* Jefferson County Circuit Court Docket, Cause No. 39C01-1112-FB-1130.

26. Bilz's State case is currently pending with an anticipated trial date of November 13, 2012. *See* Jefferson County Circuit Court Docket, Cause No. 39C01-1112-FB-1130.

PERTINENT STATUTES

27. Under 21 U.S.C. § 841(a)(1), it is a federal crime for any person to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense a controlled substance.

28. Under 21 U.S.C. § 844, it is a federal crime for any person to possess a controlled substance unless obtained pursuant to a valid prescription or except as otherwise authorized by certain provisions of the Controlled Substance Act.

29. Pyrovalerone is a Schedule V controlled substance. *See* 21 C.F.R. § 1308.15(d)(1).

30. Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by

any person in exchange for a controlled substance, and all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States and no property right shall exist in them.

## PRAYER FOR RELIEF

Based on the factual allegations set forth above, there is probable cause to believe that the defendant funds are "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or  "proceeds traceable to such an exchange," and/or "moneys . . . used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. §801 *et seq.*]," and are therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that the Clerk of the Court issue a warrant for the arrest of the defendant property pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant properties be forfeited to the United States for disposition according to law; and that the United States be granted any relief this Court may deem just and

proper.

                                          Respectfully submitted,

                                          JOSEPH H. HOGSETT
                                          United States Attorney

By:     s/ Zachary A. Myers
            Zachary A. Myers
            Lindsay C. Dunn
            United States Attorney's Office
            10 W. Market St., Suite 2100
            Indianapolis, IN  46204
            Phone:  (317) 226-6333
            Fax:  (317) 226-6125
            E-mail: zachary.myers@usdoj.gov
            E-mail: lindsay.dunn@usdoj.gov

## VERIFICATION

STATE OF INDIANA       )
                       ) SS:
COUNTY OF MARION       )

I, Brian Aldridge, being first duly sworn upon my oath depose and say that I am a Deputy United States Marshal, that I make this Affidavit for and on behalf of the United States of America; and that the allegations in the foregoing Complaint for Forfeiture In Rem are true to the best of my knowledge and belief.

_____
Brian Aldridge
Deputy United States Marshal
Southern District of Indiana

STATE OF INDIANA       )
                       ) SS:
COUNTY OF MARION       )

Subscribed and sworn to before me, a Notary Public, this 9th day of July, 2012.

_____
Stacey A. Talbott, Notary Public

My Commission Expires: July 14, 2019

County of Residence: HANCOCK

